**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherie Myohanen,<br><br>                Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                Defendant. | No. CV-19-05866-PHX-JJT<br><br>**ORDER** |

Plaintiff Cherie Myohanen brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 and 1346(b), alleging negligence and negligence *per se* in the design and maintenance of Arizona State Route 88 resulting in the wrongful death of Sami Myohanen, Plaintiff's husband. Now at issue is Defendant United States' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 14, MTD), to which Plaintiff filed a Response (Doc. 28, Resp.) and the United States filed a Reply (Doc. 29, Reply). In a prior Order (Doc. 27), the Court denied the United States' Motion to the extent it requested summary judgment. The Court will resolve the balance of this matter without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

On December 20, 2016, Sami Myohanen was cycling in the westbound lane of Arizona State Route 88, which passes through Tonto National Forest. (Doc. 1, Compl. ¶ 19.) As Mr. Myohanen rounded a bend near milepost 219, he lost control of the bicycle,

crossed into the eastbound lane, and collided with a vehicle. (Compl. ¶ 19.) Mr. Myohanen died ten days later as a result of injuries he sustained from the crash. (Compl. ¶ 4.)

On December 19, 2017, Plaintiff filed a separate wrongful death action under A.R.S. § 12-611 in Arizona state court against the State of Arizona and the Arizona Department of Transportation ("ADOT"). (Compl. ¶ 6.) On March 25, 2019, the State and ADOT designated the Federal Highway Agency ("FHWA"), the United States Forest Service ("Forest Service"), and the Central Federal Lands Highway Division ("CFLHD") as non-parties at fault in that lawsuit. (Compl. ¶ 8.) The FHWA and its subsidiary, the CFLHD, administer public lands highway funding. The Forest Service manages Tonto National Forest, which surrounds the relevant portion of State Route 88. After the State's non-party at fault designation, Plaintiff submitted an administrative claim to the Forest Service seeking $8.5 million in damages. (Compl. ¶ 9.) The Forest Service denied Plaintiff's claim on July 16, 2019. (Compl. ¶ 10.)

State Route 88 is owned by the State and operated by ADOT. (Compl. ¶ 9; *see also* MTD at 3.) The parties reference two documents created to coordinate management of the state road and the federal lands. (Compl. ¶ 42; *see also* MTD at 4.) The first document is a Memorandum of Understanding signed by the federal and state agencies establishing "procedures for timely disposition of issues or problems connected with the planning, scoping studies, design, construction, operation and maintenance of public road systems on [National Forest Service] lands in the State of Arizona." (Doc. 15-2 at 39-154.) The second document is the Apache Trail Maintenance and Operation Plan authored by ADOT in partnership with the Forest Service to "provide a framework detailing specific maintenance procedures." (Doc. 15-2 at 67-154.) Based on these documents, Plaintiff alleges the State and ADOT lacked the authority to "unilaterally remedy" the roadway's deficiencies without approval from the federal agencies. (Compl. ¶ 43.)

On December 19, 2019, Plaintiff filed the Complaint in this action under the FTCA based on the federal agencies' alleged failure to maintain the road, warn of road dangers, place signs, and set appropriate speed limits. (Compl. ¶ 54.) The United States now moves

to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) – Dismissal for Lack of Subject Matter Jurisdiction

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"[B]ecause it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-14 (2006).

### B. Rule 12(b)(6) – Dismissal for Failure to State a Claim

"When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and

therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))."

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. ANALYSIS

The United States argues the Court lacks subject matter jurisdiction in this matter because Plaintiff failed to exhaust her administrative remedies and her claims are barred by the discretionary function exception. (MTD at 14–17.) The United States also asserts Plaintiff fails to state a claim by not alleging sufficient facts from which the Court can plausibly infer that the United States owed a duty of care to Mr. Myohanen. (MTD at 7--9.)

### A.   Failure to Exhaust Administrative Remedies

The United States contends Plaintiff failed to exhaust federal administrative remedies in seeking damages from the FHWA in violation of the FTCA, 28 U.S.C. § 2675(a). (MTD at 12.) Plaintiff does not dispute that she failed to provide written notice of her claim to the FHWA. (Resp. at 4–5.)

"A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). This jurisdictional requirement may not be waived. *Id.* Because Plaintiff did not file a claim with the FHWA, the Court will grant the United States' motion to dismiss the claims related to the FHWA and the CFLHD, as a subdivision of the FHWA, for lack of subject matter jurisdiction. Plaintiff did, however, pursue an administrative remedy against the Forest Service, which that agency denied. Therefore, the Court will proceed in analyzing Plaintiff's claims involving the Forest Service.

### B.   Failure to Adequately Allege a Duty

The United States next argues Plaintiff did not allege sufficient facts from which the Court can plausibly infer a duty on the part of the Forest Service; therefore, Plaintiff failed to state a claim for negligence. (MTD at 7–8.) In support of this argument, the United States refers to Arizona common law stating municipal entities owe a duty to maintain state roadways only when the municipal entity exercises control over the roadway. *See McDonald v. City of Prescott*, 5 P.3d 900, 901 (Ariz. Ct. App. 2000); *Town of Oro Valley*

*v. Super. Ct.*, 721 P.2d 1175, 1177 (Ariz. Ct. App. 1986). In her Response, Plaintiff argues the Maintenance and Operation Plan indicates the United States' "level of control" over the roadway.[1] (Resp. at 5.) Plaintiff specifically points to two sections of the Maintenance and Operation Plan requiring cooperation between the federal and state agencies and adherence to various environmental and historic standards. (Resp. at 6.)

"[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992); 28 U.S.C. § 2674. Therefore, the Court must look to whether the United States owed a duty to Mr. Myohanen under Arizona law. In Arizona, the issue of duty is generally a question of law to be determined by the court. *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364, 366 (Ariz. 1983). A duty exists if "the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." *Id.*

Plaintiff contends the United States' duty to Mr. Myohanen stemmed from the Maintenance and Operation Plan between the Forest Service and ADOT. But Plaintiff's reliance on this document is insufficient to state a duty for two reasons. First, any duty on the part of the federal government must arise from Arizona state law. *See Holliman v. United States*, 22 F. Supp. 2d 1111, 1112 (D. Ariz. 1998) (stating United States' duty to the plaintiff could not stem from military regulations and must come from Arizona law). In the Complaint, Plaintiff alleges the State "has the sole responsibility and authority for all maintenance of the road for safety including signage and repairs." (Compl. ¶ 41.) Plaintiff points to no Arizona law imputing a duty to the United States to maintain a road owned by a state entity. (Resp. 6.)

Second, the referenced sections of the Maintenance and Operation Plan require only "effective cooperation" between the agencies. These sections do not indicate, and Plaintiff does not allege, that the Forest Service actually exercised control over State Route 88,

---

[1] The Court takes judicial notice of the Apache Trail Maintenance and Operation Plan and the Memorandum of Understanding—documents referenced by both parties.

thereby incurring a duty to maintain the roadway. In short, Plaintiff's Complaint does not allege sufficient facts to imply a duty and therefore fails to state a claim for negligence.

### C. Subject Matter Jurisdiction under the FTCA and the Private Party Analogue

The United States is amenable to suit only insofar as it has waived its sovereign immunity. *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). The FTCA "constitutes a limited waiver of that immunity." *LaBarge v. Mariposa Cty.,* 798 F.2d 364, 366 (9th Cir. 1986). Specifically, it waives sovereign immunity

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, . . . ."). In so doing, the FTCA functions "to compensate the victims of negligence in the conduct of governmental activities in circumstances like unto those in which a private person would be liable and not leave just treatment to the caprice and legislative burden of individual private laws." *Indian Towing Co. v. United States*, 350 U.S. 61, 68–69 (1955).

The United States is correct that by failing to adequately allege a duty, Plaintiff has not stated a plausible claim for negligence; however, the Supreme Court's interpretation of the FTCA takes this analysis one step further. The Supreme Court has held the FTCA "requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability." *United States v. Olson*, 546 U.S. 43, 46 (2005). Because the United States waives sovereign immunity only where "the United States, if a private person, would be liable to the claimant," Plaintiff's failure to allege a duty also implicates the Court's subject matter jurisdiction. 28 U.S.C. § 1346(b)(1); *see, e.g.*, *Barnes v. United States*, 448 F.3d 1065, 1067 (8th Cir. 2006) (affirming the dismissal

of the plaintiff's complaint for lack of subject matter jurisdiction because the federal government did not owe a duty under Missouri state law).

The FTCA encompasses only those claims which possess a private analogue. *Casillas v. United States*, No. CV 07–395 TUC–DCB (HCE), 2009 WL 735193, at *10 (D. Ariz. Feb. 11, 2009). The Court must therefore "analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit and substantive liability." *LaBarge*, 798 F.2d at 366. The statutory requirement of "'like circumstances' do not restrict a court's inquiry to the same circumstances, but require it to look further afield." *Olson*, 546 U.S. at 46. The law does not demand a case "exactly on point" to meet this requirement; "an appropriate analogy" will suffice. *Firebaugh Canal Water Dist. v. United States*, 712 F.3d 1296, 1303 (9th Cir. 2013).

In responding to the United States' argument that Plaintiff has not sufficiently alleged facts from which a duty could plausibly be inferred, Plaintiff put forth no analogy suggesting a private party in similar circumstances to the Forest Service would owe a duty to Mr. Myohanen under Arizona law, and the Court knows of none. *Compare, e.g.*, *Wickham v. Hopkins*, 250 P.3d 245, 248 (Ariz. Ct. App. 2011) (stating landowners owed a licensee a duty "to refrain from knowingly letting [the plaintiff] run upon a hidden peril or wantonly or wil[l]fully causing him harm") (*quoting Shannon v. Butler Homes, Inc.*, 428 P.2d 990, 994 (Ariz. 1967)). The Forest Service violated no state-law duty that a private person would owe to Mr. Myohanen. Absent this private party analogue, the United States has not waived its sovereign immunity and the Court does not have subject matter jurisdiction over Plaintiff's claims.

Because the Court finds it lacks subject matter jurisdiction on this basis, the Court declines to address the United States' argument that Plaintiff's claims are also barred by the discretionary function exception.

**IT IS THEREFORE ORDERED** granting Defendant United States' Motion to Dismiss (Doc. 14) and dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 13th day of October, 2020.

_____
Honorable John J. Tuchi
United States District Judge